IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00233-CR

No. 10-09-00248-CR

 

Robert Leon Jenkins, Jr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court Nos. 08-03830-CRM-361
and 08-03663-CRF-361

 



ORDER



 

            Robert Leon Jenkins was convicted of
the offenses of forgery and failure to identify.  Tex. Penal Code Ann. §§ 32.21; 38.02 (Vernon Supp. 2009).  He
appealed both convictions.  Counsel for Jenkins filed an Anders brief in
each appeal.  See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).   

            Initially we note that counsel
admitted in his Anders brief that he has not reviewed the entire record
in these appeals because the reporter’s record (one record for both convictions)
is incomplete.  Apparently, exhibits which were introduced into evidence at
trial have not been made a part of the reporter’s record.  Reviewing the entire
record is a basic premise of the Anders-type procedure.  We must be
satisfied that counsel has reviewed the entire record for any arguable claim
that might support Jenkins’ appeals.  McCoy v. Court of Appeals, 486 U.S. 429, 442, 108 S. Ct. 1895, 1903-04, 100 L. Ed. 2d 440 (1988).  When the record is incomplete,
counsel could not have reviewed the entire record.  For this same reason,
counsel was granted a thirty day extension to file his brief.  Rather than
notifying us in another motion for an extension of time that his request for a
supplemental reporter’s record has not been fulfilled, counsel simply filed his
Anders brief.

            Accordingly, the Court makes the
following orders.

Brief Stricken

            Counsel’s Anders brief is
ORDERED stricken.  All briefing deadlines are suspended, including the deadline
for Jenkins’s pro se response, until the matter with the supplemental
reporter’s record is resolved.  

Record Due

            It is the joint responsibility of this
Court and the trial court to ensure that the appellate record is timely filed. 
Tex. R. App. P. 35.3(c). 
Further, this Court may enter any order necessary to ensure the timely filing
of the appellate record.  Id.  Accordingly, the supplemental reporter’s
record is ORDERED to be filed no later than 7 days from the date of this
order.  

            Failure to file the reporter’s record
as herein ordered will result in an abatement order for the trial court, the
Honorable Steve Smith of the 361st District Court, to determine, working with
the official reporter, Felix Thompson, a date certain by which the supplemental
reporter’s record will be filed.

 

                                                                        PER
CURIAM

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Order
issued and filed May 12, 2010

Publish






eview. The majority states that the standard is “a legal sufficiency standard of review.” ___
S.W.3d at ___; (slip op. at 4). The majority cites no cases in support of this proposition, and I
find none. The majority cites only a Texas Supreme Court case on the legal-sufficiency review
in termination-of-parental-rights cases. Id. at ____ n.4; (slip op. at 4 n.4) (citing In re C.H.,
89 S.W.3d 17, 25 (Tex. 2002)).
      Rather, a trial court’s ruling on a motion to suppress evidence in criminal cases is “subject
to the discretion of the court.” Tex. Code Crim. Proc. Ann. art. 28.01(6) (Vernon 1989). 
On appeal, “[g]enerally, a trial court’s ruling on a motion to suppress is reviewed under an
abuse of discretion standard.” Dyar v. State, 125 S.W.3d 460, 462 (Tex. Crim. App. 2003). 
Only when the case presents the appellate court with “a question of law based on undisputed
facts” does the court review the ruling de novo. Id. Otherwise, a reviewing court must “give
almost total deference to a trial court’s determination of historical facts.” Rayford v. State,
125 S.W.3d 521, 528 (Tex. Crim. App. 2003); accord Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). An appellate court is “obligated to uphold the trial court’s ruling on
[an] appellant’s motion to suppress if that ruling was supported by the record.” Armendariz v.
State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 158 L.Ed.2d 469 (2004). 
Where the trial court does not make express findings of fact, appellate courts “review the
evidence in a light most favorable to the trial court’s ruling and assume that the trial court
made implicit findings of fact supported in the record.” Balentine v. State, 71 S.W.3d 763,
768 (Tex. Crim. App. 2002).
      In particular, “[t]he validity of a consent to search is a question of fact to be determined
from all the circumstances.” Rayford, 125 S.W.3d at 528. “At a suppression hearing, the
trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses
and their testimony.” Id. The standard of review is “whether the trial court could have
reasonably denied appellant’s motion to suppress given the record evidence and given the
applicable federal and state law.” Armendariz, 123 S.W.3d at 404. “[A] search is valid if, in
light of all the circumstances, the officers’ belief that they had consent to search was
objectively reasonable.” Moreno v. State, 821 S.W.2d 344, 351 (Tex. App.—Waco 1991, pet.
ref’d); see United States v. Zamoran-Coronel, 231 F.3d 466, 470 (8th Cir. 2000).
      “The suspect’s lack of fluency in the language used to solicit consent suggests
involuntariness, but it is seldom determinative.” 40 George E. Dix & Robert O. Dawson,
Texas Practice: Criminal Practice and Procedure § 12.33 n.19 (Supp. 2003) (citing
Mendoza v. State, 30 S.W.3d 528, 530-31 (Tex. App.—San Antonio 2003, no pet.)). Indeed,
“the ability of a suspect to speak fluent English or the ability of a police officer to speak fluent
Spanish is not a prerequisite to a valid consent to search.” Cancel v. State, No. 01-02-00587-CR, 2003 Tex. App. LEXIS 1767, at *12 (Tex. App.—Houston [1st Dist.] Feb. 27, 2003, no
pet.) (not designated for publication); accord Moreno, 821 S.W.2d at 351; Mendoza, 30
S.W.3d at 529-31. Rather, a “defendant does not have to have a perfect command of the
English language in order to give voluntary consent; it is enough that he understand English
well enough to comprehend the situation.” United States v. Verduzco, No. 92-1963, 1993
U.S. App. LEXIS 14972, at *8 (7th Cir. June 18, 1993).
      Here, the record does not even show that the trial court ruled on Appellant’s motion to
suppress evidence, much less that the court made findings of fact. Assuming that the court
denied the motion, when we review the evidence, as we must, in the light most favorable to the
ruling, that evidence supports the ruling. The majority states that the arresting officer “said
that Appellant ‘did not speak very much English, so we did have something of a language
barrier’” and “maintained . . . that Appellant ‘spoke very little’ English.” ___ S.W. 3d at
___, ___; (slip op. at 3, 4). This is false. The officer so testified concerning the passenger of
the truck that Appellant was driving. (R.R. at 9, 31.) Of Appellant, to the contrary, the
officer testified as follows. He requested of Appellant and received from him consent to
search the truck that Appellant was driving. Appellant answered his questions, and he and
Appellant “communicated quite well.” He asked Appellant for consent more than once
because he “wanted to make sure [Appellant] understood.” The second time he asked for
consent, Appellant “motioned back to the vehicle and said [he] c[ould] check it out.” 
Appellant never attempted to withdraw his consent during the extensive search of the truck. 
On the basis of this evidence, the trial court could have reasonably concluded by clear and
convincing evidence that the officer reasonably believed that Appellant consented to the search
of the truck, and thus denied the motion to suppress.
      Accordingly, I respectfully dissent.
TOM GRAY
Chief Justice

Dissenting opinion delivered and filed May 12, 2004
[CR25]